USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 10/14/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jennifer Lopez, individually and on behalf of her infant child J.L.,

Plaintiffs,

— against —

City of New York, Marcella Barnes, and Tahisha Longworth-Fontaine,

Defendants.

Index No. 1:25-cv-06022 (LAK) (BCM)

**ORDER**

KAPLAN, United States District Judge.

This is an application for approval of a settlement and Infant Compromise. Local Rule 83.2 provides that an action brought on behalf of an infant or incompetent shall not be settled, voluntarily discontinued, dismissed or terminated without leave of the court "embodied in" an order, judgment or decree. The proceeding shall conform "as nearly as may be" to the New York procedure, "but the court, for good cause shown, may dispense with any New York State requirement."

N.Y. CPLR § 1208 requires two affidavits: (1) the infant or incompetent's representative; and (2) the attorney for the infant or incompetent. The Court has reviewed the Declarations of the attorney Mara Fleder and the infant plaintiff's representative Jennifer Lopez ("Lopez"), together with the Declaration of Daniel M. Murdock, Esq., special needs planning counsel to Lopez, and they are in substantial compliance with New York law. They demonstrate that the settlement is fair, reasonable and adequate, and that there is good cause to dispense with the requirement under CPLR 1208(d) for J.L. to appear before the Court.

Based upon its review, the Court approves the proposed Stipulation of Settlement annexed as Exhibit A to the Fleder Declaration, which provides for the payment of FOUR HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($400,000.00), which shall be paid by the City of New York in accordance with the Stipulation of Settlement by a single payment made payable to "Wertheimer Fleder LLP," as counsel for Jennifer Lopez and her infant son, J.L., to be deposited into the firm's attorney escrow account and distributed by Wertheimer Fleder LLP as follows:

(1) One hundred thirty-three thousand three hundred and thirty-three dollars and thirty-three cents ($133,333.33) to be retained by Wertheimer Fleder LLP as attorneys' fees;

(2) Three thousand and eighty-three dollars and zero cents ($3,083.00) to be retained by Wertheimer Fleder LLP in reimbursement of the out-of-pocket costs it advanced in this action, charged in equal shares against the recoveries of Lopez and J.L.;

(3) One hundred thirty-one thousand seven hundred and ninety-one dollars and eighty-three cents ($131,791.83) to be paid by Wertheimer Fleder LLP into an account held in the name of the J.L. Supplemental Needs Trust (the "Trust"), a supplemental needs trust established for the sole benefit of J.L. pursuant to N.Y. Estates, Powers and Trusts Law § 7-1.12 and 42 U.S.C. § 1396p(d)(4)(A), in substantially the form annexed as Exhibit E to the Fleder Declaration; and

(4) One hundred thirty-one thousand seven hundred and ninety-one dollars and eighty-four cents ($131,791.84) to be paid by Wertheimer Fleder LLP to Lopez or, as Lopez directs in writing, on her behalf, including payment of the fees of her special needs planning counsel and any transfer to a trust or ABLE account established for her benefit.

The settlement and Infant Compromise are approved and the requirement under CPLR 1208(d) requiring the appearance of the infant is dispensed with, for good cause shown.

IT IS FURTHER ORDERED, pursuant to Local Rule 83.2 and N.Y. CPLR § 1206, that the establishment of the Trust in substantially the form annexed as Exhibit E to the Fleder Declaration is approved; that Flor Jeovani Lopez, or any successor trustee designated in or appointed in accordance with the Trust, is authorized to execute the trust agreement, to serve as trustee, and to take all steps necessary to establish the Trust and receive the funds set forth in paragraph (3) above; and that, following funding, the Trust may be administered in accordance with its terms under the supervision of this Court or any court of competent jurisdiction, including the Supreme Court or the Surrogate's Court of the State of New York;

IT IS ORDERED, that the full amount set forth in paragraph (3) above shall be paid by Wertheimer Fleder LLP from its attorney escrow account directly into an account held in the name of the Trust, and shall be held and administered for the sole benefit of J.L. in accordance with the terms of the Trust and EPTL § 7-1.12;

IT IS ORDERED, that within thirty (30) days after the Trust receives the funds set forth in paragraph (3) above, Plaintiffs' counsel shall file a letter with the Court confirming that the trust agreement has been executed and the Trust funded in the full amount, identifying the trustee, and will annex the executed Trust;

IT IS ORDERED, that in the event of J.L.'s death before the funds set forth in paragraph (3) above are paid to the Trust, such funds shall be paid to the estate of J.L.; and in the event of J.L.'s death after the Trust is funded, the remaining trust assets shall be distributed in accordance with the terms of the Trust, including the reimbursement provisions required by 42 U.S.C. § 1396p(d)(4)(A) and N.Y. Social Services Law § 366(2)(b)(2); and

IT IS FURTHER ORDERED, that this Court retains jurisdiction of this action for purposes of enforcement and modification of this Infant Compromise and the underlying settlement.

DATED: New York, New York
14th day of Oct., 2026

SO ORDERED:

Lewis A. Kaplan
United States District Judge